UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARMONICA ALEXANDER,<br><br>        Plaintiff,<br><br>    v.<br><br>SONIC AUTOMOTIVE,<br><br>        Defendant.<br>_____/ | Case No. C-03-4295 JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [Docket No. 23]** |

## I. INTRODUCTION

On September 8, 2005, after an arbitrator found in favor of Defendant on Plaintiff's employment discrimination claim, Plaintiff sent a letter to the Court requesting that his case be reopened and set for trial. The Court denied that motion on November 4, 2005. Subsequently, Plaintiff sent the Court another letter, dated February 14, 2006, asking that the Court "review this case again." The Court construes this letter as a Motion for Leave to File Motion for Reconsideration ("the Motion"). For the reasons stated below, the Motion is DENIED.

## II. BACKGROUND

Plaintiff Darmonica Alexander, a former sales manager employed by Defendant Sonic Automotive ("Sonic"), filed an employment discrimination complaint in this Court on September 22, 2003. Alexander, who is African-American, alleged that Sonic discriminated against him by demoting him from a full-time to part-time manager, in order to create a full-time manager position for a less experienced employee who was not African-American. In response, Sonic filed a Motion to Compel Arbitration and Stay Proceedings based upon an arbitration agreement ("Agreement")

signed by Alexander.  The Agreement provided that all disputes arising out of Alexander's employment shall be resolved through binding arbitration under the Federal Arbitration Act.

On December 16, 2003, the Court granted the Motion to Compel and ordered the dispute submitted to binding arbitration.  The arbitration hearing was held on July 18 and 19, 2005.  Subsequently, the arbitrator issued his "Findings and Award of Arbitrator," finding in favor of Defendant Sonic and against Plaintiff Alexander.  Sonic did not request a final judgment in this Court on the basis of the arbitration award, and one has not been entered.

Following issuance of the arbitration decision, Alexander sent a letter to the Court (the Motion) requesting that his case be reopened and set for trial.  Alexander asserted that the case should be reopened because one or more former employees of Sonic who did not testify at the arbitration were subsequently "willing to testify against Sonic."  According to Alexander, these witnesses, who included Alexander's former manager, Jerry Fernandez, did not testify at the arbitration because they did not receive his letters asking them to testify until after the arbitration.  Alexander further asserted that this late notice resulted from the fact that Sonic did not provide the addresses for these individuals until "very late" and some of the addresses were incorrect.

The Court construed Plaintiff's letter as a motion to set aside the arbitration award.  Applying the standard for judicial review of arbitration awards set forth in section 10 of the Federal Arbitration Act, the Court concluded that Plaintiff failed to establish that the arbitration award should be set aside.

Plaintiff now asks the Court to review his case again, asserting that he has evidence showing that Defendants' witnesses told numerous lies in the arbitration.

**III. ANALYSIS**

Pursuant to Civil Local Rule 7-9, a party may bring a Motion for Consideration if it can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L. R. 7-9(b). Plaintiff has failed to meet any of these requirements. In particular, Plaintiff's assertions are not based on a "material difference in fact or law," "new material facts or a change of law," or a "manifest failure" on the part of the Court to consider facts or legal arguments that were presented to it. All of the arguments Plaintiff now raises could (and should) have been included in his earlier motion to set aside the arbitration. Therefore, the Motion is DENIED.[1]

### III.   CONCLUSION

The Motion is DENIED. Should Plaintiff seek further review of the Court's order denying his Motion to Reopen, Plaintiff should file an appeal with the Ninth Circuit Court of Appeals. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

DATED: April 6, 2006

JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court notes that even if it were to consider Plaintiff's arguments on the merits, the Court does not find any arguments or evidence in the Motion that would justify setting aside the arbitration award.